Pal SINGH, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72223.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Dec. 23, 2003.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Attorney, Kurt B. Larson, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Pal Singh, a native and citizen of India, petitions for review of an order by the Board of Immigration Appeals (BIA) deny-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing his application for asylum and withholding of removal. Because we find that the sixteen alleged inconsistencies cited by the immigration judge were either trivial or not contradictory, we grant Singh's petition.

■ Most of the "inconsistencies," on review of the record, do not exist. Contrary to the immigration judge's opinion, for example, Singh consistently described his conversation with police prior to his first arrest in 1992. Singh unvaryingly identified three policemen at the scene of this arrest, and it does not undermine his credibility that on cross-examination he specified that one of the three belonged to the Central Reserve Police (CRP). Further, Singh did not contradict himself when describing his activities putting up election boycott posters, when on direct examination he listed villages he had already visited, and on cross-examination he described where he planned to go. Nor is it contradictory for Singh to state first that his Indian doctor had his medical records, and then explain that although he asked his family to try to get the records they had not succeeded. Finally, the record does not support the immigration judge's concern that Singh could not have been a member of the Akali Dal (Mann) in 1989 because, she thought, that group did not exist until 1990. The U.S. State Department chronology cited by the judge in fact refers to that group's existence in 1989.

Inconsistencies must be substantial and go to the heart of the asylum claim to provide support for an adverse credibility finding. *Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). Singh's application may plausibly be read to mean that he intended to stay for a few months at the Golden Temple when fleeing the country, but in fact he stayed only twenty days. If the application is read to say that he actually stayed at the Golden Temple for a few

months, this is a "minor discrepancy" that does not enhance his claim of persecution and therefore cannot support an adverse credibility finding. *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

Singh was consistent and detailed in the testimony that relates to the "heart" of his claim: the arrests, beatings, and torture to which he was subjected in 1992 and 1996. When Singh testified about his activities between 1992 and 1996, he added detail to his description of this period in his original asylum application. The "failure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of a lack of credibility." *Aguilera–Cota v. U.S. INS*, 914 F.2d 1375, 1382 (9th Cir. 1990).

■ The immigration judge also made a demeanor finding, to which we pay great deference unless the finding was unreasonable. *Paredes–Urrestarazu v. U.S. INS*, 36 F.3d 801, 819 (9th Cir.1994). Here, the immigration judge's demeanor finding is intertwined with and based on her substantive concerns about Singh's consistency. She stated that Singh was "obviously shifting in his testimony." Because we find that Singh's testimony did not shift, the demeanor finding is unreasonable. "[L]abeling a finding one based on 'demeanor' should not lead 'factfinders to believe that to make their findings almost totally unassailable they need only use the right incantation.'" *Id.* at 818 (citation omitted).

■ On appeal, Singh also raises for the first time a claim under the United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Punishment (CAT). *See* 8 C.F.R. §§ 208.16(c), 208.18(b)(1). Because Singh did not present his CAT claim before the immigration judge or the BIA, Singh has not exhausted

his administrative remedies. This court cannot address that claim. *Khourassany v. INS,* 208 F.3d 1096, 1099 (9th Cir.2000).

Our review is therefore confined to the adverse credibility finding related to Singh's claims for asylum and withholding of removal. Because we conclude that this finding was unsupported by substantial evidence, we remand for further proceedings on the merits of Singh's claims.

GRANTED AND REMANDED.